IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**RUTH WILCOX,**          *

    **Plaintiff,**                        *

                                                                                                                                 **Civil Action No. RDB-19-2535**

**v.**                                    *

**SERVIS ONE, INC., d/b/a BSI**     *
**FINANCIAL SERVICES,** *et al.,*
                                            *

    **Defendants.**

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## **MEMORANDUM OPINION**

Plaintiff Ruth Wilcox ("Plaintiff" or "Wilcox") brings this action against Defendants Servis One, Inc., doing business as BSI Financial Services ("BSI"), Wilmington Savings Fund Society, FSB, solely as Trustee for Brougham Fund I Trust ("Brougham"), Experian Information Solutions, Inc. ("Experian"), and Trans Union LLC ("Trans Union")[1] regarding disputed payments under a settlement agreement with her mortgage servicer, Defendant BSI. Plaintiff alleges: violation of Maryland's Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 *et seq.* ("MCDCA") and Maryland's Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 *et seq* ("MCPA") (Count I); violation of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, 12 C.F.R. §§ 1024.36, 1024.35 ("RESPA") (Count II); breach of contract (Count IV); violation of the Maryland Mortgage Fraud Protection Act, Md. Code Ann., Real Prop. §§ 7-401, *et seq.* (Count V); and violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* (Counts III, VI, VII, and VIII).   (Compl., ECF No. 1.)

---

[1] Wilcox also filed suit against Equifax Information Services, LLC ("Equifax"), but Wilcox and Equifax stipulated to a dismissal of that claim with prejudice on February 19, 2020.  (ECF No. 55.)

Presently pending is Defendant Experian's Motion to Dismiss. (ECF No. 29.) Also pending is Defendant Trans Union's Notice of Joinder in Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (ECF No. 31), treated as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, Defendant Experian's Motion to Dismiss (ECF No. 29) and Defendant Trans Union's Notice of Joinder in Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (ECF No. 31), treated as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c), shall be GRANTED. Counts VII and VIII asserted against Experian and Trans Union, respectively, will be DISMISSED WITH PREJUDICE. Quite simply, the Fair Credit Reporting Act does not require consumer reporting agencies, such as Experian and Trans Union, to resolve legal disputes as exist between Wilcox and BSI and Brougham.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Plaintiff Wilcox's dispute arises from a mortgage loan she held with Defendant BSI, a mortgage lender and servicer. (Compl. ¶ 29, ECF No. 1.) Defendant Brougham is the owner

of Wilcox's loan. (*Id.*) Plaintiff previously brought an action against BSI and Brougham over the terms of her loan. (*Id.* ¶ 32.) That action was resolved by a settlement agreement ("settlement agreement") effective September 1, 2018. (*Id.*) Plaintiff alleges that the settlement agreement required BSI and Brougham to reduce the balance of the loan, set a fixed principal and interest payment, and set a fixed escrow payment subject to adjustments if taxes or insurance costs changed. (*Id.* ¶ 32.) According to Plaintiff, she made payments on the loan pursuant to the settlement agreement for approximately one year. (*Id.* ¶ 36.)

On or about November 2, 2018, Plaintiff alleges that BSI asserted $10,270 in new fees owed by Plaintiff, an amount Plaintiff asserts was not incurred or agreed to by the parties in the settlement agreement. (*Id.* ¶¶ 37-38.) On or about January 24, 2019, Plaintiff alleges that BSI, on behalf of Brougham, issued her a false and deceptive escrow disclosure, charging her more in escrow payments than was legally due under the settlement agreement. (*Id.* ¶ 40.) On or about March 4, 2019, Plaintiff submitted a Notice of Error letter to BSI, challenging the $10,270 in new fees and the new escrow charges. (*Id.* ¶¶ 41-43.) Plaintiff alleges that BSI corrected the prospective escrow charges but did not correct her retrospective escrow charges or the $10,270 in fees. (*Id.* ¶¶ 44-45.) BSI reported Plaintiff's failure to pay these disputed fees to the credit reporting agencies, including credit reporting agency Defendants Experian and Trans Union. (*Id.* ¶ 52.)

Plaintiff filed her Complaint in this Court on September 3, 2019. (ECF No. 1.) Defendant Trans Union filed its Answer on October 2, 2019. (ECF No. 16.) On November 4, 2019, Defendant Experian filed its presently pending Motion to Dismiss. (ECF No. 29.) On November 8, 2019, Defendant Trans Union moved for joinder in Defendant Experian's

Motion to Dismiss. (ECF No. 31.) Trans Union brought its Motion pursuant to Federal Rule of Civil Procedure 12(c) because it had already filed an Answer.

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings any time after the pleadings are closed, as long as it is early enough not to delay trial.[2] *See* Fed. R. Civ. P. 12(c). The legal standard governing such a Motion is the same as a Motion to Dismiss under Rule 12(b)(6). *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Booker v. Peterson Cos.*, 412 F. App'x 615, 616 (4th Cir. Feb. 25, 2011); *Economides v. Gay*, 155 F.Supp.2d 485, 488 (D. Md. 2001).

## ANALYSIS

Plaintiff's claims for violations of the Fair Credit Reporting Act ("FCRA") against Experian (Count VII) and Trans Union (Count VIII) are identical. Accordingly, the Court will address Counts VII and VIII and Defendants' arguments for their dismissal in tandem.

Plaintiff alleges that Defendants Experian and Trans Union violated Sections 1681e(b) and 1681i of the FCRA, respectively, "by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report" and "by failing to delete inaccurate information in [Plaintiff's] credit files after receiving actual and record notice of such inaccuracies…." (Compl. ¶¶ 153-154.) A required element to state claims for violations of Sections 1681e(b) and 1681i is that the consumer report contained inaccurate information. *See Dalton v. Capital Associated Indus.*, 257 F.3d 409, 415 (4th Cir. 2001); *Letren v. Trans Union LLC*, Civil Action No. PX-15-3361, 2017 WL 445237, at \*11 (D. Md.

---

[2] Defendant Trans Union filed an Answer (ECF No. 16) on October 2, 2019, prior to filing its presently pending Notice of Joinder in Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (ECF No. 31).

Feb. 2, 2017); *Brooks v. Midland Credit Mgmt.*, Civil No. WDQ-12-1926, 2013 WL 1010455, at *7 (D. Md. Mar. 13, 2013) (citing *DeAndrade v. Trans Union LLC*, 523 F.3d 61, 66-67 (1st Cir. 2008)). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse []' effect." *Dalton*, 257 F.3d at 415 (quoting *Sepulvado v. CSC Credit Servs.*, 158 F.3d 890, 895 (5th Cir. 1998)).

   Here, Plaintiff's allegations stem not from a factual inaccuracy, but from a legal dispute with her mortgage servicer. Indeed, the crux of Plaintiff's case is whether her mortgage servicer, Defendant BSI, violated the terms of their settlement agreement by requiring her to pay certain fees which she disputes. (*See* Compl. ¶ 89 ("BSI and Brougham have attempted to collect from [Plaintiff] in manners which violate the terms of documents governing the Loan, their prior Settlement Agreement, and in disregard that [Plaintiff] has paid all monthly sums actually due and owing from her.").) Such a legal dispute between a consumer and a lender does not implicate credit reporting agencies like Experian or Trans Union under the FCRA. *See Alston v. Branch Banking & Tr. Co.* 2016 WL 4521651, at *10 (D. Md. Aug. 26, 2016) ("multiple courts have explained that a [credit reporting agency] has no obligation to resolve legal disputes between a consumer and a creditor.") (citing *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010); *DeAndrade*, 523 F.3d at 68; *Brill v. Tram Union LLC*, No. 15-CV-300-SLC, 2015 WL 9095103, at *3 (W.D. Wis. Dec. 16, 2015); *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 150 (4th Cir. 2008)); *see also Perry v. Toyota Motor Credit Corp.*, Case No. 1:18CV00034, 2019 WL 332813, at *5 (W.D. Va. Jan. 25, 2019) (citations omitted) ("A number of courts have found that to make the required showing of inaccurate reporting

6

under FCRA §§ 1681e(b) and 1681i, 'a complaint's allegations must dispute *facts* underlying a purported inaccuracy, as the presentation of *legal defenses* to payment will not suffice.'").

A recent decision from the United States District Court for the Western District of Virginia is instructive in this regard:

> The FCRA aims to prevent inaccurate credit reporting; it is not a route for debtors to challenge the validity of underlying debts. In particular, allowing debtors to bring such claims would hold [credit reporting agencies] to a standard beyond that which currently exists for asserting § 1681i failure to reinvestigate claims – whether the [credit reporting agency] could have discovered an error in a particular report through a reasonable investigation. The proper resolution of a legal defense to payment of the debt is not generally the kind of error that a [credit reporting agency] could discover or resolve through a review of information from consumers, furnishers, or its own files.

*Perry*, 2019 WL 332813 at *5.

Here, Plaintiff cannot plausibly assert that Experian's and Trans Union's reports contained inaccurate information because proper resolution of her legal defense to non-payment of certain fees is "not generally the kind of error" that Experian or Trans Union could resolve. Indeed, Plaintiff herself asks this Court to resolve this legal question. (*See* Compl. ¶ 126 ("Brogham [sic] and BSI have materially breached the terms of the Settlement Agreement that they entered into with [Plaintiff] in November 2018 and thereafter claimed sums were due from [Plaintiff] (and actually collected sums of money for that purpose) which were specifically identified in the Settlement Agreement as the responsibility of Brougham and BSI and not [Plaintiff].").) Resolution of this question will require a legal interpretation of the contractual terms in the settlement agreement, an exercise which the FCRA does not require of credit reporting agencies. *See DeAndrade v. Trans Union LLC*, 523 F.3d 61, 68 (1st Cir. 2008) (the validity of a mortgage debt "is not a factual inaccuracy that could have been uncovered

7

by a reasonable reinvestigation, but rather a legal issue that a credit agency … is neither qualified nor obligated to resolve under the FCRA."); *Carvalho v. Equifax*, 615 F.3d 1217, 1231 (9th Cir. 2010) (citing *Saunders v. Branch Banking and Trust Co. of VA*, 526 F.3d 142, 150 (4th Cir. 2008) ("Because [credit reporting agencies] are ill equipped to adjudicate contract disputes, courts have been loath to allow consumers to mount collateral attacks on the legal validity of their debts in the guise of FCRA reinvestigation claims.")).

Finally, the cases cited by Plaintiff do not serve to salvage her claims as they do not address the issue at the heart of this case: the validity of an underlying debt based on terms of a settlement agreement that are disputed by the contracting parties. *See, e.g.*, *Carlisle v. Nat'l Commercial Servs., Inc.*, No. 1:14-CV-515, 2016 WL 4544368, at *7 (N.D. Ga. July 22, 2016) (no evidence that the basis of the dispute was a "legal disagreement over the terms of [parties'] contract"); *Darrin v. Bank of Am., N.A.*, 2:12-CV-00228, 2014 WL 1922819, at *6 (E.D. Cal. May 14, 2014) (distinguishing case from *Carvalho* because plaintiff "not asking for the [credit reporting agency] Defendants to determine whether the mortgage constitutes a legally enforceable debt"). Here, Plaintiff does not dispute that the information furnished to Experian and Trans Union was the amount that her mortgage servicer asserted that she owed. Rather, Plaintiff disputes her mortgage servicer's interpretation of the settlement agreement such that that amount was *legally* incorrect. There can be no factual inaccuracy allegation against Experian and Trans Union when that amount is based on a legal determination of what is owed pursuant to a settlement agreement. Such a legal dispute between a consumer and her lender simply does not implicate credit reporting agencies like Experian or Trans Union under the FCRA.

Accordingly, Plaintiff's claims against Defendants Experian and Trans Union for violations of the Fair Credit Reporting Act must be dismissed with prejudice.

## CONCLUSION

For the reasons stated above, Defendant Experian's Motion to Dismiss (ECF No. 29) and Defendant Trans Union's Notice of Joinder in Defendant Experian Information Solutions, Inc.'s Motion to Dismiss (ECF No. 31), treated as a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(c), are GRANTED. Counts VII and VIII asserted against Experian and Trans Union, respectively, are DISMISSED WITH PREJUDICE. Defendants Experian Information Solutions, Inc. and Trans Union LLC are DISMISSED from this action.

A separate Order follows.


Dated: August 19, 2020

_____/s/_____
Richard D. Bennett
United States District Judge