**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**RUTH WILCOX**
     Plaintiff,

v.

**SERVIS ONE, INC. d/b/a BSI**
**FINANCIAL SERVICES,** *et al.*
     Defendants

Case No. 1:19-cv-02535

**EXHIBIT 1**

**TO**

**PLAINTIFFS' ANNOTATED STATEMENT OF UNDISPUTED MATERIAL FACTS IN
SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RUTH WILCOX, | : |
| | :    Case No. 1:19-cv-02535-RDB |
| Plaintiff, | : |
| vs. | : |
| | : |
| SERVIS ONE, INC. d/b/a BSI FINANCIAL | : |
| SERVICES, *et al.*, | : |
| | : |
| | : |
| Defendants. | : |
| | : |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendants, Servis One, Inc. d/b/a BSI Financial Services, Inc. ("BSI") and Wilmington Savings Fund Society, FSB, Not in Its Individual Capacity but Solely as Trustee for Brougham Fund I Trust ("WSFS") (collectively, BSI and WSFS shall be referred to herein as "Answering Defendants"), through their undersigned counsel, hereby file their Answer with Affirmative Defenses to the Complaint filed by Plaintiff, Ruth Wilcox ("Plaintiff"), and state as follows:

## INTRODUCTORY FACTUAL BACKGROUND

1.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.

2.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

3.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response

1

Ex. 1, Plaintiff's MPSJ

is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

4.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.

5.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

6.      Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the corresponding paragraph and, as such, said allegations are denied.

7.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

8.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

9.      Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

10.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

11.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

12.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

13.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.   To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

14.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

15.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

16.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the Deed of Trust referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

17.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

18.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

## **THE PARTIES**

19.     Denied.  Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.

20.     Admitted in part, denied in part.  It is admitted that BSI is a privately held corporation of BSI Financial Holdings, Inc. a Delaware Corporation, and that BSI is a licensed

Maryland mortgage lender/servicer.  The remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

21.     Denied.  It is denied that WSFS is the current owner of the Loan, which has been paid in full and is no longer active.  In addition, at the time that the Loan was paid off, the owner was U.S. Bank Trust National Association, as Trustee for Bungalow Series III Trust ("U.S. Bank"). The remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

22.     Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the corresponding paragraph and, as such, said allegations are denied.

23.     Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the corresponding paragraph and, as such, said allegations are denied.

24.     Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the corresponding paragraph and, as such, said allegations are denied.

25.     Admitted in part and denied in part.  It is admitted that Bizhan Beiramee is an attorney who previously communicated with Plaintiff on BSI's behalf. Answering Defendants are without sufficient information to form a belief as to the truth of the remaining averments made in the corresponding paragraph and, as such, said allegations are denied

## JURISDICTION AND VENUE

26.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

4

27.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

28.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

## ADDITIONAL FACTS RELATED TO MS. WILCOX & DEFENDANTS

29.     Admitted in part and denied in part.  It is admitted that BSI became the servicer of the Loan on October 25, 2016.  In addition, it is admitted that WSFS became the owner of Loan in October 2016.  However, WSFS assigned its interest in the Loan to U.S. Bank in February 2019.  By way of further response, the Notice of Servicing Transfer referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.  The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

30.     Admitted.

31.     Admitted in part and denied in part.  It is admitted that WSFS received an assignment of the Deed of Trust on October 25, 2016.  By way of further response, the Notice of Servicing Transfer referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

32.     Admitted in part and denied in part.  It is admitted that Plaintiff previously brought an action against BSI and WSFS that related to the Loan and that this action was resolved via settlement.  By way of further response, the Settlement Agreement referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.  The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

33.     Admitted in part and denied in part.  It is admitted that the parties entered into a Settlement Agreement.  By way of further response, the Settlement Agreement referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

34.     Admitted.

35.     Admitted in part and denied in part.  It is admitted that this Court entered an Order declaring that each party was to bear its own costs unless otherwise agreed.  By way of further response, the Order referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

36.     Denied.    After investigation, Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the corresponding paragraph and, as such, said allegations are denied. By way of further response, the Settlement Agreement and Rule 111 Order referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.  The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

37.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the monthly statements referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

38.     Denied.  The monthly statement referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

39.     Admitted in part, denied in part.  It is admitted that Plaintiff made certain monthly payments to BSI.  The remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

40.     Admitted in part, denied in part.  It is admitted that an escrow disclosure was sent to Plaintiff.  Said statement is a is a document that speaks for itself and any mischaracterization of its terms is denied.  Further, the remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

41.     Admitted in part and denied in part.  It is admitted that Plaintiff sent a letter to BSI dated March 4, 2019. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, the letter referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

42.     Admitted.

43.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the letter referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

44.     Admitted in part and denied in part.  It is admitted that BSI sent Plaintiff a written response in April 2019.  However, by way of clarification, this response letter was dated April 17, 2019 rather than April 15, 2019. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, the letter referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

45.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the letter referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

46.     Admitted in part and denied in part.  It is admitted that Plaintiff sent a letter to BSI dated April 29, 2019. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, the letter referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

47.     Admitted in part and denied in part.  It is admitted that BSI received Plaintiff's correspondence dated April 29, 2019.  The remainder of the allegations contained in the corresponding paragraph are denied on the grounds that the phrase "address published by BSI for such correspondence" is vague, ambiguous, and/or unintelligible.

48.     Admitted in part and denied in part.  It is admitted that BSI sent Plaintiff a written response dated June 14, 2019.  The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, the letter and the additional documents referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

49.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the statements referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

50.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the notices referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

51.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the notices referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

52.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

53.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

54.     Admitted in part and denied in part.  It is admitted that BSI received information from Experian and TransUnion indicating that Plaintiff disputed the information that BSI reported with respect to the Loan, but Answering Defendants have no record of receiving a dispute from Equifax.  Answering Defendants are without sufficient information to form a belief as to the truth of the remaining averments made in the corresponding paragraph and, as such, said allegations are denied.  By way of further response, the remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

55.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the Consent Order referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

9

56.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.  In addition, the letters referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

57.     Denied.  Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.  In addition, the responses referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

58.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants. By way of further response, Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.

59.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

60.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response

is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

61.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

62.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

63.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

64.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

65.    Admitted in part and denied in part.  It is admitted that Plaintiff requested a payoff statement for the Loan from BSI and that BSI provided Plaintiff with a payoff statement.  By way of further response, the remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, the

payoff statement referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

66.     Admitted in part and denied in part.  It is admitted that Sage Title Group, LLC ("Sage Title") requested a payoff statement for the Loan from BSI and that BSI provided a payoff statement in response to this request.  By way of further response, the remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

67.     The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, the payoff statement referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

68.     The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

69.     The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

70.     The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

71.     The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

72.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

73.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

74.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

75.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

76.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

77.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

78.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the Deed of Trust referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

79.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

80.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

81.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the statements referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

82.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

83.     Denied.  Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.  By way of further response, the report referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

84.     Denied.  Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.  By way of further response, the report referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

85.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, Answering Defendants are without sufficient information to form a belief as to the truth of the averments made in the remainder of the corresponding paragraph and, as such, said allegations are denied.  In addition, the document referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

## COUNT I

86.     Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

87.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

88.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

89.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the documents referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

90.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

91.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

92.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

93.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

94.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

95.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

96.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

97.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

98.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

99.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

100.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## COUNT II

101.    Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

102.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

103.    Admitted in part and denied in part.  It is admitted that BSI received Plaintiff's correspondences dated March 4, 2019 and April 29, 2019.  The remainder of the allegations contained in the corresponding paragraph are denied on the grounds that the phrase "the address published by BSI for such communications" is vague, ambiguous, and/or unintelligible.

104.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

105.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

106.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

107.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

108.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## COUNT III

109.    Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

110.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

111.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

112.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

113.    Admitted in part and denied in part.  It is admitted that BSI received information from Experian and TransUnion indicating that Plaintiff disputed the information that BSI reported with respect to the Loan, but Answering Defendants have no record of receiving a dispute from Equifax.  By way of further response, the remaining allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

114.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the Consent Order referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

115.    The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, no response is required to the allegations in the corresponding paragraph that are directed toward parties other than Answering Defendants.

116.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

117.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

118.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

119.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

120.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

121.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

122.    Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## COUNT IV

123.     Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

124.     Admitted in part and denied in part.  It is admitted that Plaintiff, BSI, and WSFS entered into a Settlement Agreement.  By way of further response, the Settlement Agreement referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

125.     Admitted in part and denied in part.  It is admitted that Plaintiff, BSI, and WSFS entered into a Settlement Agreement.  By way of further response, the Settlement Agreement referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

126.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied. By way of further response, the Settlement Agreement and Rule 111 Order referenced in the corresponding paragraph are documents that speak for themselves and any mischaracterization of their terms is denied.

127.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## COUNT V

128.     Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

129.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

130.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

131.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

132.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

133.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

134.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

135.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.  By way of further response, the Consent Order referenced in the corresponding paragraph is a document that speaks for itself and any mischaracterization of its terms is denied.

136.     Denied.  The allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## COUNT VI

137.     Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

138.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

139.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

140.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

141.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is

required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

142.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

143.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## COUNT VII

144.     Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

145.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

146.     Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is

required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

147.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

148.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

149.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

150.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.  To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## COUNT VIII

151.    Answering Defendants incorporate all of their responses contained in the above paragraphs as if fully set forth herein. The allegations in the remainder of the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

152.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.   To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied

153.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.   To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

154.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.   To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

155.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.   To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

156.    Denied.  The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.   To the extent a response is

required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

157.    Denied.   The allegations in the corresponding paragraph are not directed toward Answering Defendants and, therefore, no response is required.   To the extent a response is required, the allegations in the corresponding paragraph are conclusions of law to which no response is required and are, therefore, denied.

WHEREFORE, Answering Defendants respectfully request that Plaintiff's Complaint be dismissed, with prejudice and that the Court issue such other relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    Plaintiff is not entitled to the relief sought in the Complaint.

3.    Plaintiff's claims are barred, in whole or in part, by the doctrines of release, consent, laches, estoppel, waiver and/or acquiescence.

4.    Plaintiff's claims are barred, in whole or in part, by her failure to act in good faith.

5.    Plaintiff's claims are barred, in whole or in part, by the doctrines of ratification, detrimental reliance, and/or promissory estoppel.

6.    Plaintiff's claims are barred by the applicable statute of limitations.

7.    Answering Defendants' conduct was not the cause in fact or the proximate cause of any of the damages alleged by Plaintiff.

8.    To the extent Plaintiff suffered any of the alleged damages, the existence of which are specifically denied, said damages were caused by Plaintiff's own acts or omissions, and/or by individuals or entities over whom Answering Defendants had no control.

9.      Plaintiff's claims for damages, if any, are excessive and unsupported and, therefore, must be barred or limited.

10.     Plaintiff's claims are barred because she did not complete a necessary condition precedent before initiating this action.

11.     To the extent Plaintiff suffered any of the alleged damages, which purported damages are specifically denied, Plaintiff has failed to mitigate such damages.

12.     Plaintiff did not sustain actual damages.

13.     Plaintiff is not entitled to punitive damages.

14.     Plaintiff is not entitled to statutory treble damages.

15.     Answering Defendants reserve the right to assert such other Affirmative Defenses that may be revealed during the course of litigation.

Respectfully submitted,

**BLANK ROME LLP**

*/s/ Edward W. Chang*
Edward W. Chang
Attorney No.: 27319
One Logan Square
Philadelphia, PA 19103
Tel: (215) 569-5500
Fax: (215) 569-5555
Email: EChang@BlankRome.com
*Attorneys for Answering Defendants*

Dated: November 4, 2019

## CERTIFICATE OF SERVICE

I, Edward W. Chang, hereby certify that on this 4th day of November, 2019, a true copy of

the foregoing document was served on the following parties via the United States District Court's

online case filing system, CM/ECF:

Phillip R. Robinson
Consumer Law Center LLC
8737 Colesville Road, Suite 308
Silver Spring, MD 20910
*Attorney for Plaintiff*

Robert J. Schuckit
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN 46077
*Attorney for Defendant, Trans Union LLC*

S. Mohsin Reza
Troutman Sanders LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
*Attorney for Defendant, Experian Information Solutions, Inc.*

Nathan Daniel Adler
Neuberger Quinn Gielen Rubin and Gibber PA
One South Street, 27th Floor
Baltimore, MD 21202
*Attorney for Defendant, Equifax Information Services, LLC*


                                           */s/ Edward W. Chang*
                                           Edward W. Chang

                                           .